UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JACOB BEN-ARI,

    Petitioner,

v.                                      Case No: 2:16-cv-104-FtM-29UAM
                                        Case No. 2:08-CR-160-FTM-29DNF

UNITED STATES OF AMERICA,

    Respondent.

---

### **OPINION AND ORDER**

This matter comes before the Court on Petitioner Jacob Ben-Ari's (Petitioner or Ben-Ari) *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cr. Doc. #301; Cv. Doc. #1)[1] and Affidavit in Support of Petitioner's Motion Pursuant to 28 U.S.C. § 2255 (Cr. Doc. #302; Cv. Doc. #2) filed on January 26, 2016. On February 22, 2016, Petitioner filed a Memorandum in Support to Motion to Vacate, Set Aside or Void Petitioner's Jury Conviction and the District Court's Judgment. (Cr. Doc. #305; Cv. Doc. #12). Thereafter, the United States filed a Response in Opposition (Cv. Doc. #18) on June 22, 2016, to which Petitioner filed a Reply (Cv. Doc. #25) on August 8, 2016.

---

[1] The Court will refer to the civil docket as "Cv. Doc.," and will refer to the underlying criminal docket, 2:08-cr-00160-JES-DNF-1, as "Cr. Doc."

For the reasons set forth below, Ben-Ari's § 2255 motion is dismissed as time-barred and his motion for relief from judgment under Fed. R. Civ. P. 60(b) is denied.

## I. Procedural Background

On October 22, 2008, a federal grand jury in Fort Myers, Florida, returned a six-count Indictment against Petitioner, charging him with a scheme to defraud victims of money and property by means of wire and mail fraud in violation of 18 U.S.C. §§ 1341, 1343, 1957, and 2. (Cr. Doc. #5). On December 16, 2009, a grand jury returned a Superseding Indictment against Petitioner, charging him with three counts of mail fraud in violation of 18 U.S.C. §§ 1341 and 2. (Cr. Doc. #68). Ben-Ari pled not guilty to all counts of the Superseding Indictment (Cr. Doc. #72) and proceeded to a jury trial beginning on September 14, 2010.[2] (Cr. Doc. #130).

On the first day of trial, the government dismissed Count Three of the Superseding Indictment for lack of a witness. (Cr. Doc. #268, pp. 10-11). On September 21, 2010, the jury convicted Ben-Ari of Counts One and Two of the Superseding Indictment. (Cr.

---

[2] Notably, four different attorneys entered appearance in Ben-Ari's case, three of which cited a tumultuous relationship with Petitioner due to his failure to heed counsel's advice. (Cr. Docs. #11; #12; #61, p. 1; #67; #104; #107; #164; #167; #245; #251; #253).

2

Doc. #140). The jury also returned a Supplemental Verdict (Cr. Doc. #141) as to forfeiture of a Scottrade account.

On August 12, 2011, the undersigned sentenced Petitioner to 72 months in prison as to each count, to be served concurrently, followed by a three-year term of supervised release. (Cr. Docs. #236, #239). The undersigned also imposed a $15,000 fine, $200 special assessment, and restitution in the amount of $642,070. (Cr. Doc. #236, #239). Judgment was entered on August 15, 2011. (Cr. Doc. #239).

On August 29, 2011, Ben-Ari filed a Notice of Appeal. (Cr. Doc. #243). On direct appeal, Ben-Ari argued this Court erred by (1) denying his motion to dismiss the Superseding Indictment; (2) denying his motion for judgment of acquittal; (3) remanding him into custody prior to sentencing; and (4) preventing him from accessing the courts or presenting a defense. See United States v. Ben-Ari, 537 F. App'x 828, 829-32 (11th Cir. 2013). The Eleventh Circuit issued an opinion affirming the decisions of this Court on September 5, 2013. See id. at 832. Ben-Ari then filed a petition for writ of certiorari, which the Supreme Court denied on May 19, 2014. See Ben-Ari v. United States, 134 S. Ct. 2321 (2014).

Following his petition for certiorari, Ben-Ari filed a series of post-conviction motions. But, crucial to the instant § 2255 motion is the petition for mandamus he filed under seal with the

Supreme Court of the United States on May 27, 2015.  (Mot. for Leave to File a Pet. for Writ of Mandamus Under Seal, No. 14-10470, *In Re Jacob Ben-Ari* (2015)).  After the Court denied the petition on October 5, 2015, Ben-Ari filed a petition for rehearing on October 30, 2015.  (Pet. Denied and Pet. for Reh'g, No. 14-10470, *In Re Jacob Ben-Ari* (2015)).  Ultimately, the Supreme Court denied rehearing on January 25, 2016.  (Reh'g Denied, No. 14-10470, *In Re Jacob Ben-Ari* (2015)).

On January 20, 2016, Ben-Ari filed a Motion for New Trial in this Court, alleging newly discovered evidence. (Cr. Doc. #297).  Specifically, Ben-Ari argued the government concealed two real estate closing documents not bearing a fax legend to a phone number associated with him, which showed his innocence as to Count One.  (<u>Id.</u>).  The Court ultimately found Ben-Ari's motion for new trial untimely and denied it as moot.  (Cr. Doc. #315).

Currently before the Court are two motions.  The first motion for review is Petitioner's § 2255 motion filed on January 26, 2016.  (Cv. Doc. #1).  The government argues that Ben-Ari's conviction became final on May 19, 2014, and thus his January 26, 2016 § 2255 motion is untimely.  (Cv. Doc. #18, p. 4.).  Petitioner responds his motion is timely because his date of conviction did not become final until October 5, 2015, when the Supreme Court denied his petition for a writ of mandamus.  (Cv. Docs. #1, p. 14; #25, p. 4).  The Court agrees with the government.

In the alternative, Petitioner moves this Court to void the jury verdict in his underlying criminal action under Fed. R. Civ. P. 60(b). (Cr. Doc. #305, p. 3; Cv. Doc. #12, p. 3). The government responds that Petitioner's motion fails as a matter of law because Fed. R. Civ. P. 60(b) does not apply to criminal judgments. (Cv. Doc. #18, pp. 19-20). Again, the Court agrees with the government.

## II.   Motion Under 28 U.S.C. § 2255

**A. Evidentiary Hearing and the Appointment of Counsel**

Petitioner neither moves for an evidentiary hearing, nor the appointment of counsel. At any rate, Petitioner has not established any basis for an evidentiary hearing because his petition is time-barred. Because Ben-Ari is not entitled to an evidentiary hearing, the appointment of counsel is not required under Rule 8(c), Rules Governing Section 2255 Proceedings for the United States District Court. Ben-Ari is not otherwise entitled to appointment of counsel in this case. See Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006) (stating there is no Sixth Amendment right to counsel in post-conviction collateral proceedings); see also Schultz v. Wainwright, 701 F.2d 900, 901 (11th Cir. 1983) ("Counsel must be appointed for an indigent federal habeas petitioner only when the interest of justice or due process so require."). Neither the interest of justice nor due

process requires the appointment of counsel here. The Court, therefore, declines to appoint counsel for Petitioner.

**B. Analysis**

    **1. Statute of Limitations**

There is a one-year statute of limitations period in which to file a § 2255 motion. See 28 U.S.C. § 2255(f). The limitations period begins to run on the latest of four possible triggering events:

> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). "Because a fundamental purpose of § 2255 is to establish finality in post-conviction proceedings, the one-year limitation period for filing a § 2255 motion is mandatory and unequivocal." Trucchio v. United States, 553 F. App'x 862,

863 (11th Cir. 2014) (citing Jones v. United States, 304 F.3d 1035, 1039-40 (11th Cir. 2002)).

Typically, the applicable triggering date is "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Petitioner argues that his date of conviction became final on October 5, 2015, when the Supreme Court denied his petition for a writ of mandamus, and, therefore, his motion is timely.[3] (Cr. Doc. #301, p. 14; Cv. Doc. #1, p. 14). Petitioner attempts to extend the statute of limitations period, but the Eleventh Circuit has clearly held that, "[i]f a prisoner files a timely petition for certiorari, the judgment becomes 'final' on the date on which the Supreme Court . . . denies certiorari." Kaufman v. United States, 282 F.3d 1336, 1339 (11th Cir. 2002). In this case, the Supreme Court denied Ben-Ari's petition for writ of certiorari on May 19, 2014. See Ben-Ari, 134 S. Ct. 2321. Thus, he had until May 19, 2015, to file his § 2255 motion. Giving petitioner the benefit of the mailbox rule,[4] he signed and executed the original motion in this case on January 7, 2016. (Cr. Doc.

---

[3] Petitioner does not allege statutory tolling under 28 U.S.C. § 2255(f)(2)-(4).

[4] "[A] prisoner's *pro se* § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing." Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (citation omitted). "Absent any evidence to the contrary . . . [the Court] will assume that [a prisoner's filing] was delivered to prison authorities the day he signed it[.]" Id.

7

#301, p. 15; Cv. Doc. #1, p. 15). Accordingly, 28 U.S.C. § 2255(f)(1) is not satisfied.

Based on the above, Petitioner's statute of limitations began on May 19, 2014, and expired on May 19, 2015. Therefore, Petitioner's January 7, 2016 motion is untimely unless he can show he is actually innocent or is entitled to equitable tolling.

**2. Actual Innocence**

Liberally construed, Petitioner contends that even if his § 2255 motion is time-barred, he is entitled to a review of his claims because he is actually innocent and thus his conviction constitutes a "miscarriage of justice." (Cr. Doc. #305, pp. 47-49; Cv. Doc. #12, pp. 47-49).

"A court may . . . consider an untimely § 2255 motion if, by refusing to consider the motion for untimeliness, the court thereby would endorse a fundamental miscarriage of justice because it would require that an individual who is actually innocent remain imprisoned." Stevens v. United States, 466 F. App'x 789, 791 (11th Cir. 2012) (quoting San Martin, 633 F.3d at 1267 (internal quotation marks omitted)); see also McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) (stating that actual innocence, if proved, serves as a gateway through which a petitioner may pass after an expiration of the statute of limitations).

This exception "is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not

result in the incarceration of innocent persons." McQuiggin, 569 U.S. at 386 (citing Herrera v. Collins, 506 U.S. 390, 404–05 (1993)). The exception applies to a severely limited type of case: one that is both "credible" and "compelling." Schlup v. Delo, 513 U.S. 298, 324-26 (1995). For a claim to be "credible," it must be supported "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence][.]" Id. at 324. To be compelling, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 327. Notably, however, actual innocence means factual innocence, not mere legal insufficiency. See McKay v. United States, 657 F.3d 1190, 1197 (11th Cir. 2011) (quoting Bousley v. United States, 523 U.S. 614, 623 (1998) (internal quotations omitted)).

Ben-Ari claims there is a reasonable probability his trial would have resulted in an acquittal if (1) counsel had subpoenaed and examined certain defense witnesses and (2) the government had not concealed two real estate closing documents. (Cr. Doc. #305, pp. 47-48; Cv. Doc. #12, pp. 47-48). As to Petitioner's first argument, he maintains trial counsel failed to subpoena and examine: (1) Mike Struve, (2) Augustin Ayala, (3) DHL Records Custodian, (4) Lee County Clerk of Circuit Court Records Custodian of Office of Delinquent Tax, (5) Bill McFarland, (6) Ray Maldonado,

(7) Janet A. Hancin, (8) Paula LaFleur, (9) Records Custodian for Lee County Tax Collector's Office, and (10) Records Custodian for Citibank, N.A. (Cr. Doc. #99; Cr. Doc. #102; Cr. Doc. #305, p. 48; Cv. Doc. #12, p. 48). For context, Ben-Ari, through counsel, Roger Cabrera ("Cabrera"), filed a motion directing the Clerk to issue trial subpoenas for the above defense witnesses (Cr. Doc. #99), which the Court granted (Cr. Doc. #100). Ultimately, Cabrera moved to withdraw as counsel and the Court appointed David Joffe ("Joffe") for trial. (Cr. Docs. #104; #107; #109). At trial, Joffe did not call any witnesses beyond Ben-Ari. (Cr. Doc. #271). Now, Ben-Ari asserts Joffe's decision not to examine the above witnesses amounts to a fundamental miscarriage of justice. (Cr. Doc. #305, pp. 47-48; Cv. Doc. #12, pp. 47-48).

Even liberally construing Petitioner's motion, he has not made the requisite showing under any articulation of the actual innocence standard. Although Petitioner names witnesses in his defense, he fails to articulate what testimony these witnesses would have presented at trial. (Cr. Doc. #305, pp. 47-48; Cv. Doc. #12, pp. 47-48). At best, Petitioner argues local probate attorney, Bill McFarland ("McFarland"), and his unidentified clients would have shown how they assisted the government in securing an indictment against Ben-Ari. (Cr. Doc. #305, p. 39; Cv. Doc. #12, p. 39). At the crux of Ben-Ari's first claim is that McFarland held a vendetta against Ben-Ari and thus made false

accusations against him, triggering the government to indict Petitioner on federal charges. (Cr. Doc. #305, pp. 5-7; Cv. Doc. #12, pp. 5-7).

Specifically, Ben-Ari submits that in 2004, McFarland contacted Rich Schnieders of the Cape Coral Police Department[5] and falsely accused Ben-Ari of engaging in a scheme to defraud by illegally transferring ownership in local property. (Cr. Doc. #305-6; Cv. Doc. #12-6). Liberally construed, Petitioner suggests if Joffe had examined McFarland at trial, the jury would have learned of McFarland's involvement in the case and acquitted Ben-Ari of mail fraud. (Cr. Doc. #305, pp. 47-48; Cv. Doc. #12, pp. 47-48). Nonetheless, even if McFarland influenced Ben-Ari's indictment, Petitioner still fails to demonstrate how this influence renders him factually innocent of mail fraud. Indeed, besides arguing that McFarland framed him of the scheme to defraud, Ben-Ari fails to show the Court how he did not commit the underlying crimes. Nor does he provide any new reliable evidence to support his assertions. Thus, Petitioner's first claim of actual innocence lacks merit.

---

[5] Petitioner alleges Schnieders was employed with the Florida Department of Law Enforcement. (Cr. Doc. #305, p. 6; Cv. Doc. #12, p. 6). However, according to the letter from McFarland to Schnieders, as provided by Petitioner, Schnieders' office was located at the address of the Cape Coral Police Department. (Cr. Doc. #305-6; Cv. Doc. #12-6).

Petitioner's second claim of actual innocence fares no better than the first. Liberally construed, Ben-Ari alleges the government's concealment of two real estate closing documents constitutes a miscarriage of justice because the documents demonstrate he is actually innocent of mail fraud under Count One. (Cr. Doc. #305, pp. 27-30; Cv. Doc. #12, pp. 27-30). Under Count One, the Superseding Indictment charged Ben-Ari with mail fraud of a vacant lot located at 131 Cultural Park Boulevard, Cape Coral, Florida. (Cr. Doc. #68, p. 4). As part of his scheme to defraud, Ben-Ari illegally transferred title of this lot to himself and then sold the property for a 100% return-on-investment. (Id., pp. 2-5). To show mail fraud had occurred, the government presented evidence that Ben-Ari received the illegally-obtained sale proceeds through the mail from the title company. (Cr. Doc. #270, pp. 51-75). As evidence that a mailing had occurred, the government called Angela Gillin ("Gillin") at trial. (Id.). Gillin, the former assistant manager at Title Offices, LLC, testified that she completed the closing of the property under Count One. (Id.). The government entered several pieces of evidence through Gillin but three are crucial here. First, Gillin testified as to the closing statement. (Cr. Doc. #270, p. 62). The statement showed that Ben-Ari received $31,902.40 at closing. (Id., pp. 63). Additionally, the exhibit showed the buyer signed

the closing statement, but Ben-Ari did not. (Cr. Doc. #272, p. 47).

Next, the government entered an official title company "mail-aways" form, which permitted sellers to elect to receive sale proceeds through mail. (Id.). As evidenced at trial, Ben-Ari elected to receive the proceeds through "regular mail" and executed the bottom of the form. (Id.). Lastly, Gillin testified as to the title company's final disbursement statement. (Cr. Doc. #270, p. 73). This form showed the balancing of the company's financial books, including checks issued. (Id.). The disbursement form, like the settlement statement, showed Ben-Ari received a check for $31,902.40. (Id., pp. 73-74). In addition to Gillin's testimony, the government presented evidence that Ben-Ari did not deposit this check until four days after closing on December 8, 2003. (Id., p. 119).

Taking into consideration all the above, the jury found Ben-Ari guilty of mail fraud under Count One. Now, Ben-Ari presents new evidence to show he physically received the check at the closing and thus did not commit mail fraud.

The new evidence, as provided by Petitioner, includes two pages of a settlement statement for the Count One lot. (Cr. Doc. #68, p. 4; Cr. Doc. #305-9, pp. 1-2; Cv. Doc. 12-9, pp. 1-2). At the bottom of each page is Ben-Ari's signature as the seller of the property. (Id.). Petitioner claims these pages demonstrate

he was physically present at the closing for several reasons. First, he contends he must have been present at the closing because the pages do not show a fax confirmation. (Cr. Doc. #305, p. 29; Cv. Doc. #12, p. 29). Next, in a hard-to-understand round-about fashion, he maintains he was present at the closing because he always complained about the title company's miscalculations and the new evidence shows different dollar amounts compared to the settlement statement entered at trial. (Cr. Doc. #305, p. 29; Cv. Doc. #12, p. 29). Next, Petitioner argues the settlement amounts on the new evidence compared to the amount on the final check is also inconsistent, which means there are other settlement statement drafts and, therefore, his presence at closing is "undisputable." (Cr. Doc. #304, pp. 29-30; Cv. Doc. #12, pp. 29-30).

The government incorporates its arguments made in response to Ben-Ari's Motion for New Trial. (Cv. Doc. #18, p. 19; Cr. Doc. #300, pp. 8-10). There, the government argued that, on direct appeal, the Eleventh Circuit previously held the evidence presented at trial – namely, that the title company mailed the proceeds from the fraudulent sales to Ben-Ari via the United States Postal Service - was sufficient for the jury to conclude the mail were used in furtherance of fraud.[6] (Cr. Doc. #300, pp. 8-10).

---

[6] The government also responds that these real estate "documents were provided both to the Petitioner's original trial counsel and

Thus, the government argues, Ben-Ari's "revelation about a document he may not have received by fax has no constitutional bearing on this case." (Cr. Doc. #300, p. 10). For the following reasons, the Court finds Petitioner cannot set forth a claim of actual innocence.

Ben-Ari's new evidence would not prevent a reasonable juror from believing (a) Gillin's testimony, (b) the form showing Ben-Ari elected to receive the check through regular mail, and (c) the fact that he deposited the check four days after closing. Even with this new settlement statement, Petitioner has failed to show that some reasonable jurors – considering this new evidence with the evidence available at trial – would not still find Petitioner guilty of mail fraud beyond a reasonable doubt. Petitioner has not offered sufficient new evidence of the kind that would "show it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup, 513 U.S. at 328. Taking all the evidence into account, the Court finds that some reasonable jurors—weighing what was available at trial and the new evidence—would have found Petitioner guilty. Ben-Ari, therefore, has not overcome the procedural bar to review the merits of his § 2255 motion.

---

later directly to petitioner." (Cv. Doc. #18, p. 19). Notably, however, the government has failed to provide any evidence supporting this assertion. Thus, this argument provides no assistance to the Court in deciding Petitioner's motion.

### 3. Equitable Tolling

A district court may review an untimely motion if a petitioner is entitled to equitable tolling. See San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011). To establish eligibility for equitable tolling, a petitioner must demonstrate: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal citations and quotations omitted)). Even liberally construed, Petitioner does not allege any action on his part to demonstrate reasonable diligence or an extraordinary circumstance which prevented timely filing. At the very best, Petitioner alleges he did not obtain the above new evidence until the summer of 2013. (Cr. Doc. #305, p. 30; Cv. Doc. #12, p. 30). But, even liberally construing this allegation, Petitioner makes no assertion that this delay in receiving the documents prevented him from filing his §2255 motion on or before May 19, 2015. Consequently, Ben-Ari has failed to make any showing of equitable tolling.

In sum, Petitioner's conviction became final more than seven months before he filed his § 2255 motion, and he does not assert that any of the other statutory exceptions which extend the one-year limitations period apply. In addition, Petitioner makes no showing of actual innocence or equitable tolling. Ben-Ari's motion is therefore time-barred.

### III. Motion for Relief from Judgment

In the alternative, Petitioner moves for relief from judgment pursuant to Fed. R. Civ. P. 60(b). (Cr. Doc. #305, p. 3; Cv. Doc. #12, p. 3). Specifically, Petitioner alleges "[t]his Court should void the jury verdict . . . for being obtained by prosecutorial misrepresentation . . . [and] founded upon concealment of crucial exculpatory evidence[.]" (Cr. Doc. #305, p. 3; Cv. Doc. #12, p. 3). Ben-Ari attempts to use the Federal Rules of *Civil* Procedure to void the verdict in his underlying *criminal* case. Ben-Ari's attack, however, fails on its face.

Fed. R. Civ. P. 1 unambiguously provides "[t]hese rules govern the procedure in all civil actions and proceedings in the United States district courts." The judgment that Ben-Ari contests was entered, not in a civil case, but in a criminal case. Because "Rule 60(b) simply does not provide for relief from judgment in a criminal case[,]" Ben-Ari cannot challenge his criminal jury verdict under Fed. R. Civ. P. 60(b). United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998). Accordingly, Petitioner's motion for relief from judgment under Fed. R. Civ. P. 60(b) is denied.

Accordingly, it is now

**ORDERED:**

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cr. Doc. #301; Cv. Doc. #1) is **DISMISSED**

> **without prejudice** as time-barred. Petitioner is neither entitled to an evidentiary hearing, nor the appointment of counsel.
>
> 2. Petitioner's Motion for Relief of Judgment under Fed. R. Civ. P. 60(b) is **DENIED**. (Cr. Doc. #305, p. 3; Cv. Doc. #12, p. 3).
>
> 3. The Clerk of the Court shall enter judgment accordingly, terminate any pending motions, and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations omitted). Petitioner has not made the

requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Fort Myers, Florida this   31st   day of January, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
All Parties of Record